**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MARK RICHARD WALTERS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-22-CV-00035-KC-ATB** |
| | § | |
| **LASALLE CORRECTIONS, JOHN DOE** | § | |
| **1, JOHN DOE 2, JOHN DOE 3, R.N.** | § | |
| **VICTOR DURAN, and LVN LOPEZ,** | § | |
| **Defendants.** | § | |

## ORDER

On this day, the Court considered Defendants LaSalle Corrections V, LLC, Victor Duran, and LVN Lopez's (collectively Defendants) "Motion for Extension of Time to Answer or Otherwise Respond to Complaint." (ECF No. 16).

In their Motion, Defendants state that "[t]he undersigned was unable to confer with Plaintiff on this motion as required by the Local Rules because [Plaintiff] has not provided means to contact him expeditiously." (ECF No. 16, p 4). Further, in the Motion's Certificate of Conference, Defendants state that "[c]ounsel for Defendant[s] was unable to confer with Plaintiff because he is a pro se and there is no expeditious means to contact him." (*Id.* at p. 5).

Rule 7(g) of the Local Court Rules of the United States District Court for the Western District of Texas states, in relevant part, that "[t]he court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a *good-faith attempt* to resolve the matter by agreement and certifies the specific reason that no agreement could be made." W.D. Tex. Civ. R. 7(g) (emphasis added).

Here, the Court finds that Defendants have not made a good-faith attempt to resolve the matter by agreement. In fact, the Court notes that Defendants have not made *any* attempt to confer with Plaintiff regarding the Motion.

Further, the Court finds that Defendants' position Plaintiff "is a pro se and there is no expeditious means to contact him" is without merit and that their obligation to attempt to confer in good faith has not been met. Additionally, Defendants fail to provide any support for the proposition that represented parties have no obligation to confer with *pro se* parties. Defendants also do not explain how Plaintiff has not provided any "expeditious means to contact him." In fact, Plaintiff here has provided in his Complaint a valid mailing address at the West Texas Detention Center,[1] but Defendants have not asserted that they made any attempt to contact Plaintiff at this address.

Accordingly, the Court **HEREBY ORDERS that** Defendant's "Motion for Extension of Time to Answer or Otherwise Respond to Complaint" (ECF No. 16) is **DENIED WITHOUT PREJUDICE** to refiling. The Defendants shall file their answer or other appropriate response to Plaintiff's Complaint, or refile a motion for extension of time after a good faith attempt to confer with Plaintiff, **on or before March 2, 2022**.

**SIGNED** and **ENTERED** this 28th day of February, 2022.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court takes judicial notice that West Texas Detention Center is operated by Defendant LaSalle Corrections V, LLC. *See West Texas Detention Center*, LaSalle Corrections, https://lasallecorrections.com/locations-west-texas-detention-center (last visited Feb. 25, 2022); Fed. R. Evid. 201(b) (stating that a court may take judicial notice on its own at any stage of the proceeding of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be questioned"); *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of the information published on the website of the National Mediation Board).