IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

MARK RICHARD WALTERS,           §
                                §
        PLAINTIFF,              §
                                §
v.                              §        No. 3:22-cv-00035-KC-ATB
                                §
LASALLE CORRECTIONS,            §
JOHN DOE 1, JOHN DOE 2, JOHN    §
DOE 3, R.N. VICTOR DURAN,       §
LVN LOPEZ,                      §
                                §
        DEFENDANT.              §

**DEFENDANTS' UNOPPOSED AND EXPEDITED MOTION FOR PROTECTION FROM PLAINTIFF'S WRITTEN DISCOVERY**

TO HONORABLE ANNE T. BERTON, UNITED STATES MAGISTRATE JUDGE:

LaSalle Corrections V, LLC, incorrectly sued as LaSalle Corrections ("LaSalle"), Victor Duran ("Nurse Duran"), and LVN Lopez ("Nurse Lopez") through the undersigned, respectfully ask this Court to grant an unopposed protective order. Plaintiff served pre-answer discovery on all Defendants. As explained below, defense counsel and Plaintiff conferred and Plaintiff has now agreed that Defendants do not need to respond to Plaintiff's written discovery at this time. Still, in an abundance of caution, the parties agree that an order precluding written discovery would be beneficial for all parties at this time.

**I.
INTRODUCTION**

Plaintiff filed a Section 1983 suit against "LaSalle Corrections," Nurse Duran, Nurse Lopez, and John Does 1–3. (ECF No. 3). Plaintiff is a federal prisoner. (ECF No. 3, ¶ 1 ("At all times herein, Plaintiff was a detainee of the U.S. Marshall [sic] Service housed at the West Texas

Detention Center."); *id*. ¶ 2 ("'LaSalle," is a private prison under contract with the U.S. Marshall's [sic] Service.")).[1]  He alleges improper medical care against all Defendants.  (*Id*., ¶¶ 10–42).

On April 1, 2022, Defendants filed a motion to dismiss, predominantly arguing that all of Plaintiff's claims are barred by *Correctional Services Corporation v. Malesko*, 534 U.S. 61 (2001); *Minneci v. Pollard*, 565 U.S. 118 (2012); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).  (ECF No. 26).  Alternatively, Defendants requested the Court to decline to exercise supplemental jurisdiction over the pendent state-law claims in the event that the federal claims are dismissed. (*Id*., p. 20).  Plaintiff's Response is now due by June 1, 2022.  (ECF No. 29).  Defendants will then get to file a Reply.

On April 8, 2022, defense counsel received discovery mailed by Plaintiff, including requests for admission to all three named defendants, interrogatories to all three defendants, and one set of requests for production directed to all Defendants.  In all, there were 76 pages of discovery, including numerous attachments, predominantly addressing the merits of the lawsuit. The certificates of service on the discovery are dated either April 1 or 2, 2022, and the postmark on the envelope is dated April 4, 2022.  Responses and objections are due May 2 or 3, 2022. Plaintiff did not request leave to commence pre-answer discovery.[2]

Given that a motion to dismiss is currently pending, no Defendant has filed an answer, and no scheduling order has been issued pursuant to FED. R. CIV. P. 16, the discovery is premature. For the reasons below, this Court should enter an order staying discovery.[3]

---

[1]      *See United States v. Walters*, Case #: 4:21-CR-00327 (W.D. Tex., Pecos Div.).

[2]      Discovery served at the time an initial Rule 12 motion is filed is simply too early.  *See Garcia v. Castro*, No. 2:15-CV-440, 2017 WL 228278, at *6 (S.D. Tex. Jan. 19, 2017) (finding that Rule 12 dismissal of certain claims rendered some discovery requests irrelevant).

[3]      Given that objections are due by May 2 or 3, 2022, this motion is filed on an expedited basis.  It would have been filed sooner but counsel was out of the office most of last week due to medical issues.

## II.
## ARGUMENT

A district court may exercise its "sound discretion" with respect to discovery matters. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994) (internal quotation marks and citation omitted).

In non-prisoner civil litigation, the parties are required to conduct a discovery conference prior to commencing discovery. FED. R. CIV. P. 26(f). Rule 26(d) prohibits a party from seeking discovery from "any source" before the parties have conducted a Rule 26(f) conference, except when authorized by the Rules, stipulation, or court order. FED. R. CIV. P. 26(d). *Pro se* prisoner civil litigation, however, is exempt from Rule 26(f). FED. R. CIV. P. 26(a)(1)(B)(iv). But this does not authorize pre-answer discovery in and of itself. A court may, in its discretion, control the scope and timing of discovery in the interests of justice. *See* FED. R. CIV. P. 26(d)(2).

Here, there has been no ruling on the motion to dismiss, no answers filed, and no scheduling order is in place. *See* FED. R. CIV. P. 16. Thus, the discovery period has not yet commenced. As noted by numerous courts around the country, in *pro se* prisoner civil litigation, discovery typically commences upon issuance of a scheduling order setting discovery and dispositive motion deadlines. *Brown v. Snyder*, No. 19-11325, 2020 WL 6342669, at *2 (E.D. Mich. Oct. 29, 2020) ("To the extent Brown's motion is for leave of the Court to commence discovery prior to the issuance of the scheduling order, he has provided no grounds on which to do so.").[4]

Under the current procedural posture of this case, there is no need for the parties to commence discovery. Under Rule 26, courts may upon a showing of good cause, issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). Good cause exists here. Plaintiff served pre-answer

---

[4]   *See Hashim v. Hamblin*, No. 14-C-1265, 2016 WL 297465, at *3 (E.D. Wis. Jan. 22, 2016) (in *pro se* civil rights litigation, usual practice "is that the court issues a Scheduling Order setting deadlines for the completion of discovery and for filing dispositive motions *after defendants file an answer to the complaint*") (emphasis added).

discovery, sometimes referred to as "expedited discovery." Defendants should not be burdened with responding to it at this time and Plaintiff now agrees with this position.[5]

"[E]xpedited discovery is not the norm." *ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58, 61 (M.D. La. 2016). Expedited discovery should be granted only in exceptional instances. *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004). In limited circumstances, "district courts have allowed expedited discovery 'when there is some showing of irreparable harm that can be addressed by limited, expedited discovery.'" *Imani v. City of Baton Rouge*, No. CV 17-439-JWD-EWD, 2017 WL 3142473, at *2 (M.D. La. July 25, 2017) (quoting *ELargo Holdings*, 318 F.R.D. at 61). Plaintiff now agrees that his discovery is premature.

As required by the Local Rules, counsel for Defendants conferred with Plaintiff telephonically on April 19, 2022 and Plaintiff stated he is unopposed to the entry of a protective order at this time. At the time of that conference, Plaintiff had a draft copy of a full motion for protection analyzing the expedited discovery requests under the applicable standards.[6] Counsel for Defendants advised Plaintiff that, if any Defendants are required to file an answer, then the discovery can be re-served at the appropriate time in accordance with the provisions of any scheduling order that may be entered by the Court. Plaintiff stated that he agreed to this solution.

---

[5]   One factor in evaluating expedited discovery is whether Plaintiff's claims could "withstand a motion to dismiss." *See Mary Kay Inc. v. Beyou-Cosmetics storefront on www.eBay.com*, No. 3:21-CV-1074-B, 2021 WL 2315097, at *1 (N.D. Tex. June 7, 2021) (quoting *Combat Zone Corp. v. Does*, No. 4:12-cv-2750, 2012 WL 12898022, at *1–2 (S.D. Tex. Sept. 17, 2012)). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.

[6]   The original motion for protection was set up with a more comprehensive analysis of the discovery with all requests and attachments included as Exhibits. Given that the parties have reached an agreement that the Court can stay discovery at this time, the 76 pages of discovery are not filed with this motion so that Court is not burdened with having to review it or analyze it under the Fifth Circuit's standard on the propriety of pre-answer discovery. *See Grae v. Alamo City Motorplex, LLC*, No. 5:18-CV-664-DAE, 2018 WL 4169309, at *3 (W.D. Tex. July 2, 2018) (courts generally use one of the following two standards to determine whether a party is entitled to conduct expedited discovery: (1) a "preliminary-injunction-style analysis," or (2) a "good cause standard.").

As such, Defendants pared down this motion to remove various arguments, to reflect that this "non-discovery" agreement is now in place, and to request an Order to this effect.  On this issue, Defendants will not oppose an Order that precludes all written discovery until, and if, the Court enters a Scheduling Order.

### III.
### CONCLUSION

So that there are no further disputes on the premature discovery or whether any objections need to be served within 30 days to avoid the waiver of any objections to Plaintiff's discovery, Defendants request the Court to enter a protective order relieving Defendants from being required to respond to any of Plaintiff's pre-answer discovery at this time.

Respectfully submitted,

**HORNE ROTA MOOS, LLP**

By:  _/s/ Marvin C. Moos_
        MARVIN C. MOOS
        State Bar No.:  14413900

2777 Allen Parkway, Suite 1200
Houston, Texas 77019
(713) 333-4500
(713) 333-4600 - Facsimile
mmoos@hrmlawyers.com

ATTORNEYS FOR DEFENDANTS,
**LASALLE CORRECTIONS V LLC,
VICTOR DURAN and LVN LOPEZ**

**CERTIFICATE OF CONFERENCE**

Counsel for Defendants conferred with Plaintiff telephonically on April 19, 2022 and Plaintiff stated he is <u>unopposed</u> to the entry of a protective order at this time.

*/s/ Marvin C. Moos*
MARVIN C. MOOS

**CERTIFICATE OF SERVICE**

I hereby certify that on **April 20, 2022**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served the Plaintiff via certified mail, return receipt requested at the following address:

**Mark Richard Walters,** *Pro Se*
#30934004
WEST TEXAS DETENTION FACILITY
P.O. Box 430
Sierra Blanca, Texas 79851

*/s/ Marvin C. Moos*
MARVIN C. MOOS

6