**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MARK RICHARD WALTERS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-22-CV-00035-KC-ATB** |
| | § | |
| **LASALLE CORRECTIONS, JOHN DOE** | § | |
| **1, JOHN DOE 2, JOHN DOE 3, R.N.** | § | |
| **VICTOR DURAN, and LVN LOPEZ,** | § | |
| **Defendants.** | § | |

## <u>ORDER</u>

On this day, the Court considered Defendant LaSalle Corrections's "Motion for Extension of Time to File Response to Plaintiff's Motion [F]or Temporary Injunction" ("Motion"), filed on June 7, 2022. (ECF No. 43). The Court notes that Plaintiff Mark Richard Walters is opposed to the Motion "because he needs his outside medical records." (*Id.* at p. 2-3).

On May 31, 2022, Plaintiff filed his "Plaintiff's Opposed Motion for a Temporary Injunction." (ECF No. 40). Rule 7(d) of the Local Court Rules of the United States District Court for the Western District of Texas states, in relevant part, that "[a] response to a [non-discovery or case management motion] shall be filed not later than *14 days* after the filing of the motion." W.D. Tex. Civ. R. 7(d)(2) (emphasis added). Therefore, Defendant's response is currently due no later than June 14, 2022.

In Defendant's Motion, Defendant requests "an additional 14 days to file a response." (ECF No. 43, p. 1). Defendant asserts that "[t]he main reason for this extension is that the undersigned counsel is scheduled for multiple medical procedures over the next two weeks, which will have him out of the office for two or three days each week (also including two days this

week).” (*Id.* at p. 2). Defendant also argues that needs time to review “300 pages of documents” and is also working on other civil cases.

“[T]he court may, for *good cause*, extend the time . . . if a request is made[] before the original time . . . expires.” Fed. R. Civ. P. 6(b)(1) (emphasis added). Courts have “broad discretion in deciding requests for continuances.” *United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009). Courts “must consider not only the facts of the particular case but also all of the demands on counsel’s time and the court’s [time].” *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000) (quotes omitted). Furthermore, courts must “weigh competing interests and maintain an even balance” when ruling on a motion for an extension of time. *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). The party requesting an extension “must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else.” *Id.*

Here, the Court finds that Defendant has shown good cause for an extension of time to file its response due to its counsel’s multiple scheduled medical procedures. However, the Court fails to find than an additional fourteen days is necessary. Defendant informed the Court that its counsel’s procedures would keep him out of the office “two or three days each week (also including two days this week).” (ECF No. 43, p. 1). The Court notes that, at the time of Defendant’s filing of its Motion, Defendant had seven more days to file its response before the date outlined by the Local Rules. The Court further notes that Defendant’s counsel would be out of the office a total of four to six days over the next two weeks. Therefore, balancing the competing interests in the case, including Plaintiff’s interest in timely resolution of his claims, the Court finds that a seven-day extension would better protect the competing interests of Defendant and Plaintiff.

Furthermore, the Court notes a "burdensome schedule . . does not constitute good cause" for an extension." *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 495 (S.D. Tex. 2009); *see Draper v. KK Ford, LP*, 196 Fed. App'x. 264, 265 (5th Cir. 2006) ("A busy practice does not constitute excusable neglect.").[1]

In sum, the Court finds that Defendant has not shown good cause as to the need for an additional fourteen days to file a response, and further finds that such an extension could potentially prejudice Plaintiff.  However, the Court finds that good cause has been shown to grant an additional seven days for Defendant to file a response.

Accordingly, the Court **HEREBY ORDERS** that Defendant's "Motion for Extension of Time to File Response to Plaintiff's Motion [F]or Temporary Injunction" be **GRANTED IN PART** and **DENIED IN PART**.  Defendant **SHALL FILE** its Response **on or before June 21, 2022**.

**SIGNED** and **ENTERED** this 8th day of June, 2022.

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *McDonald v. United States*, 898 F.2d 466, 467 (5th Cir. 1990) ("[W]e have equated good cause with excusable neglect,'. . . and that some showing of good faith and a reasonable basis for noncompliance within the time specified is necessary to show good cause.") (internal quotes and alterations omitted).