IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARK RICHARD WALTERS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | EP-22-CV-35-KC |
| | § | |
| LASALLE CORRECTIONS, JOHN DOE | § | |
| 1, JOHN DOE 2, JOHN DOE 3, R.N. | § | |
| VICTOR DURAN, and LVN LOPEZ, | § | |
|     Defendants. | § | |

**ORDER ACCEPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE, GRANTING DEFENDANTS' MOTION TO DISMISS, AND
DISMISSING PLAINTIFF'S COMPLAINT**

Defendants LaSalle Correction V, LLC ("LaSalle"), R.N. Victor Duran, and LVN Lopez (collectively, "Named Defendants") move to dismiss Plaintiff Mark Richard Walters' complaint. Mot. to Dismiss, ECF No. 26. Their motion is granted—and Walters' complaint is dismissed—for the following reasons.

Walters, Register Number 30934-004, is awaiting sentencing after he pleaded guilty to federal felon in possession of a firearm and internet stalking charges. *See United States v. Walters*, P-21-CR-327-DC-1 (W.D. Tex.). He is detained by the United States Marshals Service at the West Texas Detention Center operated  by LaSalle.  Pl.'s Compl., ECF No. 3 at 3. His claims arise from the medical care he received for a dislocated shoulder. *Id*. at 4–8. Specifically, he alleges "[o]n Thanksgiving [D]ay, November 25th," 2021, he "dislocated his left shoulder at approximately 10 a.m. while getting out of his bunk." *Id*. at 4. He adds "[t]his dislocation caused extreme pain and discomfort." *Id*. He maintains Defendants disregarded his medical needs for more than 24 hours until he was transported to a hospital. *Id*. at 12–14. He asserts constitutional and state law claims against multiple Defendants.

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Mot. to Dismiss, ECF No. 26. They observe "a plaintiff must allege sufficient facts to show that relief 'is plausible on its face' " to obtain relief. *Id*. at 3 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). They argue Walters' "complaint fails to show substantive plausibility for any claim." *Id*. at 4 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). They further argue dismissal also accrues to the benefit of the unserved John Does. *Id*. at 19–20.

The Magistrate Judge to whom the Court referred this matter recommends that the Court grant the motion.  R. & R., ECF No. 48 at 20. The Magistrate Judge "finds that Walter's Complaint fails to state a claim upon which relief may be granted as to his constitutional claims, and that his Complaint should be dismissed for want of jurisdiction as to his State Law Claims." *Id*.

Walters does not object to the Magistrate Judge's report and recommendation. Pl.'s Notice, ECF No. 54 at 1. Indeed, he states he "believes that Magistrate Berton's analysis of the pleadings, documents, and other papers on file, supports her reasoning" on granting the motion to dismiss. *Id*.

A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). As to other portions of the report—or when a party does not file written objections—the court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). After completing its review, a court may accept, reject, or modify the

2

report, in whole or in part.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

After completing a plain-error review of the report, the Court concludes that the Magistrate Judge's findings and conclusions are neither clearly erroneous nor contrary to law. *Wilson*, 864 F.2d at 1221. It therefore enters the following orders:

**IT IS ORDERED** that the "Report and Recommendation of the Magistrate Judge" (ECF No. 48) is **ACCEPTED**, and the findings and conclusions of the Magistrate Judge are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Walters "Complaint" (ECF No. 3) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 28th day of July, 2022.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3